# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| GREGORY COX, | : | Case No. 1:23-cv-532 |
| Petitioner, | : | |
| vs. | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Karen L. Litkovitz |
| ANDREW BALLARD, | : | |
| Respondent. | : | |

# ORDER and
# REPORT AND RECOMMENDATION

Gregory Cox, a state prisoner proceeding without the assistance of counsel, recently submitted a habeas corpus petition to this Court. It was initially filed in a separate civil rights case pending before this Court. *See Cox v. Nord*, Case No. 1:23-cv-324. On August 24, 2023, the Petition was transferred into this new case, Case No. 1:23-cv-532. (Doc. 1).

On August 30, 2023, the Court issued a combined Deficiency Order and Show Cause Order to Petitioner Cox. (Doc. 2). The Court noted that Cox had not paid the filing fee for a habeas corpus action or moved to proceed *in forma pauperis*, and ordered him to do so. (*Id.*). Cox has since moved to proceed *in forma pauperis*. (Doc. 3). His Application is **GRANTED** and the Court's Deficiency Order is satisfied to this extent.

The Court also ordered Cox to show cause why the case should not be dismissed as unexhausted. (Doc. 2, PageID 19-21). That is, Cox had not "yet completed 'one complete round of the State's established appellate review process,' including seeking discretionary review in the Supreme Court of Ohio," which is required before federal habeas review. (*Id.*). The Court ordered him:

>to show cause why this case should not be dismissed, without prejudice to refiling, on the ground that available state court remedies have not been exhausted. He shall submit a written response bearing Case Number 1:23-cv-532 **within thirty days** of the date of this Show Cause Order. Petitioner is advised that if he fails to respond to this Show Cause Order within thirty days, his case may be dismissed for want of prosecution.

(Doc. 2, PageID 21). Cox's response to the Show Cause Order was due on September 29, 2023. To date, no response has been filed.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted). Failure of a party to comply with an order of the Court warrants invocation of this inherent power. *See* Fed. R. Civ. P. 41(b) (applicable here under Rule 12, Habeas Rules ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.")). Here, Cox was warned that his case may be dismissed if he did not respond to the Court's Show Cause Order, but he did not respond. (*See* Doc. 2, PageID 21).

Accordingly, the Undersigned **RECOMMENDS** that this Court **DISMISS** Cox's habeas corpus action, without prejudice, for failure to prosecute. *See Allen v. King*, No. 2:21-cv-10908, 2021 WL 5499243, at *2 (E.D. Mich. Nov. 22, 2021) (citing *Burch v. Trombley*, No. 05-cv-72234, 2007 WL 1424207, *1-2 (E.D. Mich. May 11, 2007)) (wherein the district court dismissed a habeas petition without prejudice for failure to prosecute when petitioner failed to

2

respond to an order to show cause why his mixed petition should not be dismissed as unexhausted).

The Undersigned further **RECOMMENDS** that the Court **DENY** a certificate of appealability, as reasonable jurists would not debate whether Cox has failed to prosecute his case where he failed to respond with the Court's Show Cause Order. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Fitten v. Tennessee*, No. 1:15-cv-1157, 2016 WL 4705599, at *4 (W.D. Tenn. Sept. 8, 2016) (The law regarding dismissal for failure to prosecute is clear and reasonable jurists would not disagree on its application in this case.").

Finally, the Undersigned **RECOMMENDS** that the Court **CERTIFY** that any appeal of the Court's dismissal would not be taken in good faith, and on that basis **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.

## NOTICE REGARDING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

October 16, 2023

KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE