UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| GREGORY COX, | : | Case No. 1:23-cv-532 |
| Petitioner, | : | |
| vs. | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Karen L. Litkovitz |
| ANDREW BALLARD, | : | |
| Respondent. | : | |

### SECOND REPORT AND RECOMMENDATION

The undersigned Magistrate Judge has recommended that the Court dismiss this habeas corpus case for failure to prosecute. (*See* First Report and Recommendation, Doc. 4). The recommendation was made because Petitioner failed to respond to a Show Cause Order. (*Id.*, PageID 42-43; Show Cause Order, Doc. 2, PageID 19-21). That document had ordered Petitioner to show cause why his habeas corpus claims should not be dismissed as unexhausted, where a request for a delayed direct appeal was currently pending in state court and no further appeals had been taken. (*Id.*).

Petitioner has now filed a response to the First Report and Recommendation (Doc. 6), as well as a motion to stay the case and hold it in abeyance (Doc. 5). Should the Court reach this motion and disregard Petitioner's earlier failure to prosecute,[1] the Undersigned **RECOMMENDS** that the motion to stay be **DENIED**, as a stay is not appropriate or necessary

---

[1] Petitioner says that he mistakenly sent his response to the Show Cause Order to the trial court. (Doc. 6, PageID 51). The Undersigned is unable to locate any such response on the online docket of either Petitioner's trial court case or his appeal cases. *See State v. Cox*, Case Nos. 22CR000109, 23CA000026, and 23CA000028, available by name or case number search at https://eservices.lawrencecountyclerk.com (accessed November 1, 2023). The Court may take judicial notice of these court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

here, and that the Petition be **DISMISSED** without prejudice as unexhausted.

Petitioner acknowledges that all his habeas corpus claims are unexhausted. (Doc. 5, PageID 47 (he "asserts his petition is unexhausted as a whole"); Doc. 6, PageID 52 (he "agrees that all claims are unexhausted")). As the Court's Show Cause Order said:

> The statute governing habeas petitions filed by state prisoners contains an exhaustion requirement. *See* 28 U.S.C. § 2254(b)-(c). Specifically, the statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his or her state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1).
>
> This means (among other things) that a federal court should not be a state defendant's first stop when raising constitutional issues concerning his conviction and sentence. A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Supreme Court of Ohio. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990).
>
> If a petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional and habeas corpus relief may be denied on the merits notwithstanding a petitioner's failure to exhaust, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring the exhaustion of state remedies. *See Granberry v. Greer*, 481 U.S. 129, 131 (1987).
>
> Here, Petitioner appears to indicate in his Petition that he was convicted and sentenced in March 2023 in the Lawrence County, Ohio, Court of Common Pleas. (Doc. 1, PageID 2). But he also says that his "case was nollie[d] by [the] State." (*Id.*). Petitioner may be referring to previous proceedings in the Ironton Municipal Court. It does not appear that Petitioner challenges the municipal court judgments, but his Petition is not perfectly clear. (*See id.*).
>
> Petitioner indicates in the Petition that he did not "seek further review by a higher state court[.]" (Doc. 1, PageID 3). He explains that he did not raise the issue(s)

2

> discussed in the Petition "[b]ecause this is my first time filing." (Doc. 1, PageID 8). However, it appears that Petitioner has a request for a delayed direct appeal pending in Ohio's Fourth Appellate District Court for Lawrence County. *See State v. Cox,* Case No. 23CA000026, available by name or case number search at https://eservices.lawrencecountyclerk.com (accessed August 29, 2023). It therefore does not appear that Petitioner has yet completed "one complete round of the State's established appellate review process," including seeking discretionary review in the Supreme Court of Ohio. *O'Sullivan*, 526 U.S. at 842.
>
> Because Petitioner's appeal (and any further appeals from an unfavorable decision) in the state courts have not been resolved, it appears that the claims in the Petition are unexhausted and subject to dismissal.

(Doc. 2, PageID 19-20) (footnote omitted). A companion case[2] to this one was recently dismissed without prejudice for the same reason. *See Homer Jenkins v. Warden, Lancaster Corr. Inst.*, No. 1:23-cv-560, 2023 WL 6276061, at *1 (S.D. Ohio Sept. 26, 2023) (Bennett, J.; Merz, J.) ("Consistent with the recommendation by the Magistrate Judge, because this Court cannot consider the case until the state court process is completed, the Petition is dismissed without prejudice to it refiling when the state process is complete.").

Petitioner proposes that this Court instead stay his claims until he has exhausted his state court remedies. (Doc. 5, 6). It is unknown how long this might take, as Petitioner filed his Petition in this Court just months after being sentenced. (*See* Doc. 1, PageID 2). He asks the Court to consider his Petition a "protective petition" as discussed in *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). (Doc. 5). In this respect, *Pace* referred to the case of *Rhines v. Weber*, 544 U.S. 269 (2005), which described a stay-and-abey procedure that district courts may employ when considering habeas corpus petitions containing unexhausted claims.

The Supreme Court cautioned in *Rhines* that "stay and abeyance should be available only in limited circumstances." 544 U.S. at 277. The procedure is most often considered where the

---

[2] Gregory Cox and Homer Jenkins previously filed two civil cases together, then each filed a habeas petition. *See Cox v. Nord*, No. 1:23-cv-324, 2023 WL 6276198, at *1 (S.D. Ohio Sept. 26, 2023) (discussing some procedural history).

3

petition is a "mixed petition" containing both exhausted and unexhausted claims, as in *Rhines*. *See Hickey v. Hoffner*, 701 F. App'x 422, 427 n.5 (6th Cir. 2017). However, the United States Court of Appeals for the Sixth Circuit has more recently indicated that the same analysis may be applied to petitions containing only unexhausted claims. *Id.*; *Robinson v. Horton*, 950 F.3d 337, 347 (6th Cir. 2020).

"A court should grant a stay and abeyance only when (1) 'the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court'; (2) where the unexhausted claims are not 'plainly meritless'; and (3) where 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" *McBride v. Skipper*, 76 F.4th 509, 513 (6th Cir. 2023) (quoting *Rhines*, 544 U.S. at 277-78).

Here, Petitioner has not show good cause, or any cause at all, for his failure to exhaust his state court remedies before approaching this federal court. It may be that he was simply unaware he needed to exhaust. (*See* Petition, Doc. 1, PageID 6, 8). *Cf. Rose v. Lundy*, 455 U.S. 509, 520 (1982) (the Supreme Court's "interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court. Just as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement."). Lack of legal knowledge does not constitute "good cause." *See Grant v. Warden, Marion Corr. Inst.*, No. 1:16-cv-904 (S.D. Ohio Aug. 8, 2017), *report and recommendation adopted, case dismissed without prejudice*, (S.D. Ohio Sep. 21, 2017) ("Petitioner's pro se status, illiteracy, or reliance on others do not constitute good cause for failure to meet the exhaustion requirement.").

Petitioner's habeas claim or claims also appear to be "plainly meritless." He submits one Ground for Relief: "I ask for a full investigation on why they went on hearsay to convict me.

Why the State nollie my charges and hold me in jail against my will." (Doc. 1, PageID 6). The hearsay claim (and most other claims) are likely foreclosed by Petitioner's guilty plea. (*Id.*, PageID 2). "A prisoner who has entered a guilty plea and who later attempts to attack the proceeding through a federal habeas corpus petition is ordinarily confined to raising only the issue of whether his guilty plea was knowing and voluntary." *Torres v. Sheldon*, No. 1:19-cv-2175, 2020 WL 4004574, at *13 (N.D. Ohio June 8, 2020), *report and recommendation adopted*, 2020 WL 4003279 (N.D. Ohio July 15, 2020) (citing *United States v. Broce*, 488 U.S. 563, 569 (1989)); *McKenzie v. United States*, No. 2:19-cv-211, 2023 WL 72386, at *3 (E.D. Tenn. Jan. 4, 2023) (citing *United States v. Martin*, 526 F.3d 926, 932 (6th Cir. 2008)) ("the general rule is that 'a voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction'").

And, this Court previously discussed Petitioner's allegation that he was held against his will after charges were nollied:

> Cox appears to allege that he was not released from jail when criminal charges against him for burglary and receiving stolen property were dropped, but was held for two days and then re-arrested on a "false" warrant and indicted for the same offenses. (*Id.*, PageID 150-153). Cox does not identify the dismissed case(s) except to note that they were before Judge Waldo and "nollied" by the State on April 21, 2022. (*Id.*, PageID 152). He may be referring to Case Nos. CRA2200241, CRA2200246, CRA2200247, and/or CRA2200248 before the Honorable Kevin J. Waldo in the Ironton Municipal Court. The online docket of three of these cases reflect that they were dismissed or "nollied" by the State on April 21, 2022[.] . . .
>
> To the extent that Cox may be raising a claim . . . that he was held in jail without legal authority for two days *after* his municipal court charges were dropped but *before* he was indicted in the common pleas court (Complaint, Doc. 13, PageID 152)—the online records of his cases show that this is not what occurred. The state court records show that the indictment against Cox in the common pleas court was filed *before* the charges were dropped against him in the municipal court.
>
> Cox says he was arrested on April 13, 2022. (*Id.*, PageID 152). At the time he was arrested, he was facing charges before Judge Waldo. (*Id.*). Judge Waldo is a judge of the Ironton Municipal Court. *See* http://www.irontonmuni.com/ (accessed Sep.

> 19, 2023). Cox's municipal court charges were dismissed or "nollied" on April 21, 2022. (*See* Complaint, Doc. 13, PageID 152-153). *See also* http://www.ironton muni.com/recordSearch.php (accessed Sep. 19, 2023).
>
> Two days *before* that, on April 19, 2022, an indictment was filed against Cox in the Lawrence County Court of Common Pleas. *See* Online Docket of *State of Ohio v. Gregory C. Cox*, Case No. 22CR000109, available at https://eservices. lawrencecountyclerk.com (accessed Sep. 19, 2023). A warrant on the indictment was issued the next day, April 20, 2022. (*Id.*). The Court may take judicial notice of these court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).
>
> Together, these state court records show that, by the time Cox's municipal court charges were dismissed or "nollied" (on April 21), the indictment in common pleas court had already been filed (on April 19). *See generally Nelson v. Bradshaw*, No. 1:04-cv-2303, 2008 WL 1901392, at *18 (N.D. Ohio Apr. 25, 2008) (adopting a Report and Recommendation that explained that "prior to the issuance of [the] indictment, [the criminal defendant's] case would have been proceeding in municipal court pursuant to a 'complaint' filed by the city police prosecutor," rather than "by virtue of an 'indictment' by the county grand jury. Thus when an indictment against [him] was obtained, the complaint would need to have been nolled, since further proceedings would be in a state common pleas court under the indictment, not in municipal court under the complaint.").

*Cox v. Nord*, No. 1:23-cv-324, 2023 WL 6276198, at *2, 4 (S.D. Ohio Sept. 26, 2023) (report and recommendation) (footnotes omitted).

Finally, Petitioner's concern about facing "a tight time-line" with respect to the statute of limitations for his habeas claims is unwarranted here, as it appears that his one-year statute of limitations has not yet started to run. (Doc. 5, PageID 47). "Generally, the one-year statute of limitations for habeas petitions filed by state prisoners begins to run on 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Hill v. Bauman*, No. 20-1091, 2020 WL 4346669, at *2 (6th Cir. May 21, 2020) (quoting 28 U.S.C. § 2244(d)(1)(A)). Here, one of Petitioner's attempted delayed direct appeals to Ohio's Fourth Appellate District Court was recently dismissed on October 5, 2023. *See State v. Cox*, Case No. 23CA000026. As of this writing, another appeal remains

6

pending. *See State v. Cox,* Case No. 23CA000028. Also, it appears Petitioner has not sought further review from the Supreme Court of Ohio, nor taken an appeal from the denial of his latest motion to vacate, which was construed as a motion to withdraw his guilty plea. *See State v. Cox*, Case No. 22CR000109 (October 2, 2023 Judgment Entry), all available at https://eservices.lawrencecountyclerk.com/ or https://www.supremecourt.ohio.gov/Clerk/ecms/#/search (accessed November 1, 2023).

The better course of action is to dismiss the instant case without prejudice to refiling once state court remedies are exhausted. *See generally Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (noting that "if district courts were to stay habeas petitions that were completely unexhausted in order to maintain their timeliness under the AEDPA, 'federal court would be turned into a "jurisdictional parking lot" for unexhausted claims.'") (internal citation omitted). Dismissal without prejudice under these circumstances is also more "compatible" with the AEDPA's "twin purposes" of encouraging the finality of state court judgments and the petitioner's exhaustion of all claims in state court before seeking federal habeas relief. *See Rhines*, 544 U.S. at 276-77.

Accordingly, if the Court considers Petitioner's motion to stay and abey (Doc. 5), the Undersigned **RECOMMENDS** that this Court **DENY** the motion and **DISMISS** the case without prejudice to refiling once state court remedies are exhausted. *See Homer Jenkins v. Warden, Lancaster Corr. Inst.*, No. 1:23-cv-560, 2023 WL 6276061, at *1 (S.D. Ohio Sept. 26, 2023) (Bennett, J.; Merz, J.) (dismissing parallel case without prejudice).

The Undersigned further **RECOMMENDS** that the Court **DENY** a certificate of appealability, as reasonable jurists would not debate whether all the claims herein are unexhausted or whether dismissal, rather than a stay, is appropriate.

Finally, the Undersigned **RECOMMENDS** that the Court **CERTIFY** that any appeal of the Court's dismissal would not be taken in good faith, and on that basis **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.

### NOTICE REGARDING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

November 3, 2023

KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE

8