IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Gregory Cox, | : | |
| | : | Case No. 1:23-cv-532 |
| Petitioner, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Second Report and |
| Warden, Southeastern Correctional Complex, | : | Recommendation |
| | : | |
| Respondent. | : | |

      Gregory Cox initiated this habeas corpus action pursuant to 28 U.S.C. § 2544 on August 24, 2023.  However, he admitted in his *pro se* Petition for Writ of Habeas Corpus that he did not first file an appeal in state court.  (Doc. 1 at PageID 7.)  The Magistrate Judge, therefore, issued a Show Cause Order requiring Cox to show cause why his Petition should not be dismissed for failure to exhaust administrative remedies.  (Doc. 2.)  Because Cox did not timely respond to the Show Cause Order, the Magistrate Judge entered a Report and Recommendation ("R&R") recommending that the case be dismissed for failure to prosecute.  (Doc. 4.)  Cox then filed both a Motion to Stay and Abey and a Response to the R&R.  (Docs. 5, 6.)  In both filings, Cox requested that the Court stay this federal habeas action, instead of dismissing it, while he pursues a state court appeal.  (Doc. 5 at PageID 47; Doc. 6 at PageID 51.)

      The Magistrate Judge then filed a Second Report and Recommendation ("Second R&R").  She recommended that the case be dismissed without prejudice, but not stayed, for failure to exhaust state court remedies.  (Doc. 7.)  Courts should grant a stay and abeyance only in "limited circumstances" when the petitioner shows "good cause" for failure to exhaust and when the

unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *see also McBride v. Skipper*, 76 F.4th 509, 514 (6th Cir. 2023) (following *Rhines*); *Robinson v. Horton*, 950 F.3d 337, 347 (6th Cir. 2020) (following *Rhines*). The Magistrate Judge reviewed the procedural history of this case and related cases and correctly concluded that Cox had not shown good cause for failing to exhaust his state court remedies.

Cox did not file objections to the Second R&R. Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. When no objections are filed, "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review [the] magistrate's report." *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also Weir v. Centurion*, No. 3:19-CV-00131, 2021 WL 5165930, at *1 (M.D. Tenn. Nov. 5, 2021) ("The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made."). Nonetheless, some district courts follow the Advisory Committee Notes to Rule 72(b) and review the report and recommendation for clear error. *See e.g.*, *Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-CV-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022); *Lassiter v. Dullaghan*, No. 1:10-CV-010, 2011 WL 110259, at *1 (S.D. Ohio Jan. 13, 2011). The Magistrate Judge did not make a clear error here in recommending dismissal without prejudice.

For the foregoing reasons, the Second R&R (Doc. 7) is **ADOPTED**; the Motion to Stay and Abey (Doc. 5) is **DENIED**; and the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED WITHOUT PREJUDICE**. The Court will not issue a certificate of appealability as to the Petition because Cox has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an

appeal from this Order would not be taken in good faith.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge
